OPINION
The instant action in mandamus is presently before this court for consideration of respondent's motion for summary judgment, filed on November 27, 2000. As the basis for this motion, respondent, Trumbull County Prosecutor Dennis Watkins, submits that he is entitled to judgment on the mandamus petition because he has fully complied with his duty to provide relator, Randy P. Fellows, with copies of certain public documents in his possession. Relator has not responded to the summary judgment motion.
In his mandamus petition, relator maintained that respondent had failed to release copies of specific public documents which pertained to a witness who had testified against relator in an underlying criminal case. In moving to dismiss the petition, respondent asserted that, following the filing of the instant action, his staff had conducted a search of his office files for any relevant document and had been able to locate one new document which had never been released previously to relator. Respondent also asserted that a copy of this new document, an inter-office memorandum, had been mailed to relator.
In a judgment entry dated October 27, 2000, this court granted respondent's motion to dismiss in part, holding that relator had failed to state a viable claim because his allegations were insufficient to indicate what specific documents he wanted to obtain. Specifically, we held that relator's contention that respondent had previously engaged in a practice of withholding documents was not sufficient, as a matter of law, to show that there were additional relevant documents in respondent's possession which had previously not been released.
However, as part of that same judgment entry, we noted that the copy of the inter-office memorandum, which respondent had given to relator, contained references to two other documents. Based upon this, we further concluded that relator had made sufficient allegations to raise the possibility that respondent had these specific documents. Thus, to this extent, this court overruled the motion to dismiss and ordered respondent to conduct a search for the following documents: (1) an inventory of the contacts a deputy sheriff had had with the witness in question; and (2) a written report concerning an incident involving the witness. We then ordered that, upon completing the search, respondent should submit a summary judgment motion stating the results of the search.
In compliance with the foregoing judgment entry, respondent has now moved for summary judgment on the basis that he does not have the two documents in question. In support of this argument, respondent has attached to his motion the affidavit of LuWayne Annos, Assistant Prosecuting Attorney. In her affidavit, Attorney Annos avers that on November 24, 2000, she conducted a search of all relevant office files and was unable to locate the two documents.
As was noted above, relator has failed to file a response to the summary judgment motion. Therefore, all of the evidentiary materials before us show that respondent does not have possession of the two documents referenced in our prior judgment entry. In turn, this finding supports the legal conclusion that respondent has fully complied with his statutory duty under R.C. 149.43(B) to provide copies of the relevant public documents to relator.
Pursuant to Civ.R. 56(C), summary judgment can be granted when: (1) there is no genuine issue as to any material fact remaining to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) the state of the evidence is such that, even if the evidentiary materials are construed in a matter most favorable to the non-moving party, a reasonable person could only reach a conclusion against that party. Welco Industries, Inc. v. Applied Cos. (1993),67 Ohio St.3d 344, 346. In light of the foregoing discussion, this court concludes that respondent has satisfied each prong of this standard in regard to relator's mandamus claim. That is, respondent has demonstrated that he has given relator copies of all relevant documents in his possession. As a result, summary judgment in respondent's favor is warranted.
Accordingly, respondent's motion for summary judgment is granted. It is the order of this court that judgment is hereby entered in favor of respondent as to relator's entire mandamus petition.
PRESIDING JUDGE WILLIAM M. O'NEILL.
JUDGE JUDITH A. CHRISTLEY, JUDGE ROBERT A. NADER.